**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANDREW RICHARDS,**

               **Plaintiff,**

-vs-                                    **Case No. 6:06-cv-1709-Orl-28JGG**

**ORANGE COUNTY SHERIFF'S OFFICE,**

               **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** November 3, 2006
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**., and that the case be **DISMISSED** without prejudice for lack of subject matter jurisdiction, failure to state a claim, and frivolousness pursuant to 28 U.S.C. § 1915 (e)(2).

**I.    BACKGROUND**

    Plaintiff Andrew Richards, proceeding *pro se*, initiated this action against Defendant Orange County Sherriff's Office on November 3, 2006. Docket No. 1 (original complaint). Plaintiff subsequently filed four amended complaints. *See* Docket Nos. 6, 9, 11, 12. The Court entered an order striking the first three amended complaints, and ordered that the final amended complaint filed

January 19, 2007 [Docket No. 12] serve as Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

In his amended complaint, which Plaintiff titles an "Information" and a "Citizen's Complaint," Plaintiff claims that two officers, while issuing Plaintiff a warning not to trespass on a grocery store, wrongfully disclosed personal information about Plaintiff to the owners of the grocery store. Docket No. 12 at 1-2. Plaintiff asserts that Defendant Orange County Sheriffs Office therefore:

> did participate in criminal actions of a federal nature when two of its law enforcement personal trespassed on my rights, exercised police powers they did not have and acted outside of statutory authorization when they disclosed and lent out all of my personal identity documents **without my prior knowledge** at the time of the incident and **without my prior written consent** at the time of the incident to Elite Produce and Groceries and its owners.

*Id.* at 2.  Plaintiff's ten-count amended complaint claims that the officers wrongfully disclosed his "racial origin," date of birth, driver's license number, social security number, fingerprint, and place of employment. He appears to allege that Defendant has violated the Privacy Act (citing to "Title 5, § 552a (b)" and "Title 5, § 552a (e)") and "88 Statute 1909 § 7(a)(1), 7(b)," although Plaintiff also recites the definition for the federal crime of Misprision of felony (18 U.S.C. § 4). Plaintiff also states:

> It is the habit, it is the custom, it is the practice and therefore the policy of this municipal agency (Orange County Sheriffs Office) to actively use or to engage their own professionally standardized trained and hired public servants to commit gross crimes (felonies) against any, against hundreds, against thousands of law abiding human beings in the execution of filling out/completing and writing out a requested Trespass warning for the benefit of a second private party or third private part business and Store Owner(s).

Docket No. 12 at 8.  Plaintiff seeks a new passport, driver's license, and social security number, as well as money damages. *Id.*

As an attachment to his amended complaint, Plaintiff submitted an "Affidavit of Fact" in which he describes the July 3, 2005 incident. *Id.* at 25-27. He states that on that date, Plaintiff attempted to make a purchase of less than $5 with his debit card at "Elite Produce Groceries," but had a disagreement owner of the store about the store policy requiring a minimum purchase of $5 to use a debit card. *Id.* at 25. The owner called the police, and Officer Arthur Sheppard arrived. Plaintiff informed Officer Sheppard of the disagreement, and the officer went into the store. Three other officer then arrived at the store. One of the officers approached Plaintiff, and asked him a number of questions about his name and whether he was "part of this situation." *Id.* at 26. Plaintiff refused to answer some of the questions, and according to Plaintiff, the officer told Plaintiff that he had an "attitude"; placed handcuffs on Plaintiff; and "arrested" him. *Id.* Plaintiff states that the officer "made this action without stating any kind of criminal accusation, without a warrant and without stating or reading any Miranda rights." *Id.*

Officer Sheppard next came out of the store and joined the other officers. *Id.* The officers asked Plaintiff for proof of identification, and he told them that he did not have identification. *Id.* at 27. One of the officers searched Plaintiff, and Officer Sheppard took Plaintiff's thumb print. *Id.* Plaintiff also states that he "had to disclose [his] place of employment." *Id.* Officer Sheppard then "completed a trespass warning" against Plaintiff, and told Plaintiff that the grocery store owner had a right to refuse to "do business" with Plaintiff. *Id.* Officer Sheppard gave Plaintiff a copy of the trespass warning, and warned Plaintiff from coming back to the property. *Id.* Plaintiff then "vacated the property on foot." He states that the "trespass warning case# is 05-057290." *Id.*

Plaintiff also attached, as exhibits to his amended complaint, the "Trespass Warning" issued by the Orange County Sheriff's Office bearing his name, address, social security number, his race, date

of birth, driver's license number, and thumb print. *Id.* at 14. He further submitted correspondence between the Orange County Sheriff's Office and Plaintiff about the trespass warning. *See id.* at 20-29.

Plaintiff now seeks leave to proceed *in forma pauperis*. Docket No. 2. In his affidavit filed in support of his motion to proceed *in forma pauperis*, Plaintiff attests that he works at a Sears store at 401 Center Point Circle, Suite 1679, Altamonte Springs, Florida, and that he receives $900 in wages twice a month. *Id.* at 1.

## II. THE LAW

### A. Leave to Proceed *In Forma Pauperis*

#### 1. The Statute and Local Rules

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief
>         may be granted; or
>     (iii) seeks monetary relief against a
>          defendant who is immune from
>          such relief.

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01 (c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07 (a).

    2.    <u>Discretion Under 28 U.S.C. § 1915</u>

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action

---

[2] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

which is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### 3. Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

#### a. *Frivolous Factual Allegations*

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke*, 490 U.S. at 325-28. The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v.*

*Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Id.* (citing *Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129. If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

                b.      *Frivolous Legal Theories*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[4] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Id.* at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F.Supp.

---

[4] The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. *See Patterson*, 628 F.Supp. at 1076;  *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F.Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Id.* at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal. It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989);  *Wilson*, 878 F.2d at 849; *Franklin*, 563 F.Supp. at 1324.

### B.  **The Privacy Act**

The Privacy Act of 1974, *inter alia*, protects private information from disclosure, and allows individuals access to their records in order to ensure accuracy of the information. *See* 5 U.S.C. §§ 552a(b)-(f). 5 U.S.C. § 552a(b) provides that "[n]o agency shall disclose any record[5] which is contained in a system of records[6] by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . ." 5 U.S.C. § 552a(b). The term "agency" refers to federal agencies, not state agencies. *See* 5 U.S.C. §§ 552a(a)(1); *see also St. Michael's Convalescent Hosp. v. State of Cal.*, 643 F.2d 1369 (9th Cir. 1981); *Shields v. Shetler*, 682 F.Supp. 1172 ( D.Colo.1988); *B.J.R.L. v. State of Utah*, 655 F.Supp. 692 (D.Utah 1987); *Ryans v. N.J. Comm'n For The Blind and Visually Impaired*, 542 F.Supp. 841 (D.C.N.J. 1982).

When an agency fails to comply with any provision of the Privacy Act, "in such a way as to have an adverse effect on an individual," that individual may bring a civil action in federal district court. 5 U.S.C. § 552a(g)(1)(D). If the court determines that the federal agency acted in a manner which was:

---

[5]The term "record" is defined as:

> any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.

5 U.S.C. § 552a(a)(4).

[6]"System of records" means "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual"  5 U.S.C. § 552a(a)(5).

> intentional or willful, the **United States** shall be liable to the individual in an amount equal to the sum of–
> (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
> (B) the costs of the action together with reasonable attorney fees as determined by the court.

5 U.S.C. § 552a(g)(4)(B) (bold emphasis added)

### C.    42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To obtain relief under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of a federal right. *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). Section 1983 is not a source of substantive federal rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) (citations omitted). Rather, to state a § 1983 claim, a plaintiff must point to a violation of a specific federal right. *Traylor*, 85 F.3d at 583.

A plaintiff may bring a § 1983 claim against a municipal defendant for deprivation of a federal right pursuant to an official policy, practice, or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690 - 91 (1978); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Circa Ltd. v. City of Miami*, 79 F.3d 1057, 1060 (11th Cir. 1996); *Villanueva v. City of Fort Pierce*, 24 F. Supp. 2d 1364, 1368 (S.D. Fla. 1998). However, a plaintiff must do more than simply allege that such an official policy exists. He must prove a course of action that was "consciously chosen" or "officially sanctioned or

ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (plurality opinion); *Villanueva*, 24 F. Supp. at 1368.

Rule 8, Fed. R. Civ. P., allows a plaintiff considerable leeway in framing his complaint. Nevertheless, the United States Court of Appeals for the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases in an effort to eliminate non-meritorious claims. A § 1983 plaintiff must allege with some specificity the facts which make out his claim. *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. *GJR Investments,* 132 F.3d at 1367. This is particularly true in cases involving qualified immunity, where the Court must determine whether a defendant's actions have violated a clearly established right. *GJR Investments,* 132 F.3d at 1367.

## III.   ANALYSIS

Plaintiff's complaint and his amended complaint are frivolous. Ordinarily, the Court might have allowed a *pro se* plaintiff to file an amended complaint. An amendment of the amended complaint in this case, however, would be futile. First, Plaintiff cannot assert a Privacy Act claim against the Orange County Sheriff's Office, a state agency. Second, Plaintiff fails to state a claim for anything else cognizable under federal subject matter jurisdiction. Plaintiff's alleged facts and his brief allusion to the "habit," "custom," "practice," and "policy" of Defendant to issue trespass warnings utterly fail to state a § 1983 claim against a municipal defendant for deprivation of a federal right.

Accordingly, it is **RECOMMENDED** that Plaintiff's **APPLICATION TO PROCEED *IN FORMA PAUPERIS*** [Docket No. 2] be **DENIED**, and that the case be **DISMISSED** without

prejudice for lack of subject matter jurisdiction, failure to state a claim, and frivolousness pursuant to 28 U.S.C. § 1915 (e)(2).  The Clerk should be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 27, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy